IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DR. PRESTON BOLES**                                                         **PLAINTIFF**

**V.**                                                            **NO. 4:21-CV-88-DMB-JMV**

**GREENWOOD LEFLORE HOSPITAL**                          **DEFENDANT**

**OPINION AND ORDER**

In the first of two separate motions in limine filed by Greenwood Leflore Hospital, the Hospital seeks to exclude from trial its March 2020 position statement to the EEOC regarding an EEOC charge filed by Dr. Preston Boles. Because the Hospital's EEOC position statement is not clearly inadmissible for all purposes, the motion in limine will be denied.

**I**
**Relevant Procedural History**

On August 2, 2021, Dr. Preston Boles filed a complaint in the United States District Court for the Northern District of Mississippi against his employer, Greenwood Leflore Hospital. Doc. #1. The complaint, which alleges that Boles, who is black, was paid less than a white doctor, asserts race discrimination claims under Title VII, 42 U.S.C. § 1981, and the Equal Protection Clause of the Fourteenth Amendment,[1] as well as a state law claim for breach of employment contract.[2] *Id.* Boles seeks back pay; lost employment benefits; consequential, compensatory, and punitive damages; pre- and post-judgment interest; attorney fees and costs; "[a]n injunction curing [the Hospital's] unlawful conduct and prohibiting it from engaging in any similar misconduct in the future;" notice to "all employees regarding the violations and … their

---

[1] The Equal Protection claim is brought under 42 U.S.C. § 1983. Doc. #1 at PageID 9–10.

[2] After Boles abandoned his breach of contract claim in response to the Hospital's motion for summary judgment, the Court dismissed that claim with prejudice. Doc. #80.

legal rights;" final judgment against the Hospital, and "any other relief available under any applicable principle in law or equity." *Id.* at PageID 11.

On September 22, 2022, the Hospital filed a motion in limine requesting "that its position statement submitted to the EEOC be excluded at trial." Doc. #66. Boles filed a response. Doc. #68. The Hospital replied.[3] Doc. #74.

## II
## Standard

> The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. To that end, evidentiary rulings should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.

*Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 574–75 (N.D. Miss. 2021) (cleaned up). Rulings on a motion in limine "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III
## Analysis

The Hospital seeks to exclude "its [March 2020] position statement submitted to the EEOC" "pursuant to Federal Rules of Evidence 401, 402, and other applicable law." Doc. #66. It argues the position statement "is not relevant here because it holds no weight in advancing [Boles'] claim" and "adds nothing supporting the notion that GLH discriminated against him because of his race." Doc. #67 at 3. It also argues that it is "not admissible evidence because it is not a sworn declaration signed by anyone working for GLH or specifically testifying to how

---

[3] A week after the final pretrial conference, the Hospital filed a second motion in limine. Doc. #77. The second motion in limine will be addressed separately.

physician encounters are coded" but rather is "only counsel's initial interpretation of the possible reasons for the difference in compensation in preparing a response to the EEOC." *Id.*

Boles responds that "[t]he Fifth Circuit has held that a jury may view erroneous statements in an EEOC position statement as circumstantial evidence of discrimination;" position statements can be used to show pretext; and "courts have routinely allowed position statements to be introduced in evidence for just this purpose." Doc. #69 at PageID 737–38 (internal quotation marks omitted). He argues the statement is relevant because it is the Hospital's "own official statement to explain the very issue at the heart of this case to a federal law enforcement agency" and it is probative because "explaining the reasons for the pay disparity at issue in this litigation is the *sole purpose* of the position statement." *Id.* at PageID 740. Finally, with respect to hearsay, Boles argues the statement (1) was produced in discovery; (2) "is a self-authenticating government record;" and (3) is "a statement of the Defendant under Rule 801(d)(2) and therefore – by definition – 'not hearsay.'" *Id.* at 741.

The Hospital replies that "the EEOC position statement is not signed by any GLH employee" and "[e]very single case relied upon by [Boles] in which the position statement was admissible was signed by ***the employer*** and not by ***an attorney***."[4] Doc. #74 at 1. It argues that the "specific assertion that counsel made (within the position statement) that [Boles] seeks to admit is hearsay that does not fall under any exception." *Id.* It also argues that the statement is prejudicial because it would place "defense counsel in the position of potentially being a witness in this case" and require her "to discuss attorney-client communications that took place prior to

---

[4] Contrary to the Hospital's argument regarding the cases relied on by Boles, many of the opinions Boles cites do not indicate who signed the position statement. *See, e.g.*, *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 239 (5th Cir. 2015) (reversing grant of summary judgment because statements in EEOC position statement "g[ave] rise to an inference of pretext"). And the position statement in *Burton* was in fact signed by the defendant's "senior attorney." *Burton v. Freescale Semiconductor, Inc.*, No. 1:12-cv-1144, at Doc. #33-13 (W.D. Tex. Mar. 14, 2014).

the preparation of the position statement and even potentially require her to produce underlying work product documentation." *Id.* at 2.

As Boles correctly indicates, "the Fifth Circuit has repeatedly found position statements admissible." *Pemberton v. Lloyd's Register Drilling Integrity Servs., Inc.*, No. 4:16-cv-1732, 2016 WL 6820389, at *3 (S.D. Tex. Nov. 16, 2016) (collecting cases). In *Pemberton*, United States District Judge Keith P. Ellison rejected arguments similar to the Hospital's based on his conclusion that because the defendant's counsel "submitted the letter to the EEOC" and "the attorney is the agent of his client," the position statement was a statement offered against an opposing party such that it was not hearsay. *Id.* Judge Ellison also found the position statement "relevant to show inconsistent reasons given" for the employment action. *Id.* He further concluded that the position statement was not attorney work product because "[a]lthough counsel prepared it in anticipation of litigation, it d[id] not reflect the lawyer's attempts to process her legal theories and strategies free from interference." *Id.*

The Court sees little to no distinction between the position statement in *Pemberton* and the one involved here. Nor does the Court see any reason to disagree with Judge Ellison's rationale. The Hospital cites *Cruz v. Aramark Services, Inc.*, 213 F. App'x 329, 332–33 (5th Cir. 2007), for the proposition that "letters in an EEOC file cannot be used as evidence to prove discrimination"[5] but the facts in *Cruz* are distinguishable. While the letters in *Cruz* were unsworn, as is the Hospital's position statement, there is nothing indicating the *Cruz* letters were made on behalf of the employer; and, in some instances, the letters were not even prepared by the supposed declarant. 213 F. App'x at 332–33. And in *Cruz*, the Fifth Circuit rejected the argument that certain statements qualified as party admissions because the statements were made

---

[5] Doc. #67 at 3.

4

after the declarants—the plaintiff's supervisors—were terminated from their employment. *Id.* at 333. In this case, however, the position statement was completed and signed by the Hospital's current counsel. *See* Doc. #56-10. The facts here more closely resemble those in *Pemberton* and the Court agrees "it would be inappropriate to prohibit any and all future uses of the Position Statement at this time." *Pemberton*, 2016 WL 6820389, at *3. Accordingly, the motion in limine will be denied.

## IV
## Conclusion

The Hospital's motion in limine [66] is **DENIED**.

**SO ORDERED**, this 28th day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**