IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DR. PRESTON BOLES**                                                               **PLAINTIFF**

**V.**                                                                                         **NO. 4:21-CV-88-DMB-JMV**

**GREENWOOD LEFLORE HOSPITAL**                                      **DEFENDANT**

**OPINION AND ORDER**

Based on Dr. Preston Boles' failure to disclose three of his treating physicians as expert witnesses, Greenwood Leflore Hospital seeks to exclude from trial any testimony by the treating physicians and corresponding medical records. Because the three physicians are proposed fact witnesses rather than expert witnesses, the motion will be denied.

**I**
**Relevant Procedural History**

On August 2, 2021, Dr. Preston Boles filed a complaint in the United States District Court for the Northern District of Mississippi against his employer, Greenwood Leflore Hospital. Doc. #1. The complaint, which alleges that Boles, who is black, was paid less than a white doctor, asserts race discrimination claims under Title VII, 42 U.S.C. § 1981, and the Equal Protection Clause of the Fourteenth Amendment,[1] as well as a state law claim for breach of Boles' employment contract.[2] *Id.* Boles seeks back pay; lost employment benefits; consequential damages; compensatory damages "for emotional distress;" punitive damages; pre- and post-judgment interest; attorney fees and costs; "[a]n injunction curing [the Hospital's] unlawful conduct and prohibiting it from engaging in any similar misconduct in the future;"

---

[1] The Equal Protection claim is brought under 42 U.S.C. § 1983. Doc. #1 at PageID 9–10.

[2] After Boles abandoned his breach of contract claim in response to the Hospital's motion for summary judgment, the Court dismissed that claim with prejudice. Doc. #80.

notice to "all employees regarding the violations and … their legal rights;" final judgment against the Hospital; and "any other relief available under any applicable principle in law or equity." *Id.* at PageID 11.

On October 28, 2022, the Hospital filed a motion in limine seeking "to exclude opinion testimony of proposed 'fact/expert' witnesses Dr. Kristi Timm, Dr. Charles Nause, and Dr. Amit Malhotra which … Boles … recently identified in the joint pretrial order, as well as all information, including Boles' medical records, in accord with Federal Rule of Civil Procedure 37(c)(1)." Doc. #77. The motion is fully briefed. Docs. #78, #85, #86,[3] #88.

## II
## Standard

> The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. To that end, evidentiary rulings should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.

*Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 574–75 (N.D. Miss. 2021) (cleaned up). Rulings on a motion in limine "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III
## Analysis

The Hospital argues that Boles "failed … to make timely summary disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), which results in the mandatory exclusion of any

---

[3] Boles filed a "supplement" to his brief the day after the response deadline set by the Court. Doc. #86. Ordinarily the Court would not consider such a late filing. But because (1) the Hospital's motion in limine was filed after the deadline set in the case management order; (2) Boles represents that the Hospital was aware of his intent to call the witnesses on October 4, 2022; and (3) the Hospital has not objected to the supplement, the Court will consider on their merits all filings on the motion in limine.

opinion testimony by his treating physicians, as well as [his] medical records." Doc. #78 at 1. It asserts that under Rule 26(a)(2)(C)'s "modified disclosure requirement for non-retained experts," Boles was required to provide "a written disclosure stating (1) the subject matter upon which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705, and (2) a summary of facts and opinions upon which the witness is expected to testify." *Id.* at 2. According to the Hospital, Boles' "failure to provide the required information is neither substantially justified nor harmless;" it "would undoubtedly be prejudiced by the failure to disclose because it would have no idea of what the physicians would testify to, or how their testimony would be used to support [Boles'] claims;" "a continuance would not cure the deficiencies … when this matter is scheduled … for trial in just over two weeks;"[4] and "the physicians' testimony is not critical to supporting [Boles'] claims" because "it would not help the jury determine whether his race played a part in how he was compensated or whether he was entitled to damages as a result." *Id.* at 3.

> Boles replies:
>
> [A] treating physician who is not disclosed as an expert can nonetheless provide ordinary fact witness testimony. This includes all 'personal knowledge' based on observations of the patient and course of treatment, and excludes only medical opinions. In addition, the medical records are admissible, irrespective of whether the doctor was identified in expert disclosures, because the medical records regarding treatment received by plaintiff do not constitute expert testimony requiring disclosure.

Doc. #85 at PageID 786 (cleaned up) (citing Wright & Miller, *Federal Practice & Procedure*, § 2031.2). Boles represents that all three physicians were identified in January 2022 "as people who had treated injuries he suffered;" "[t]heir records were obtained via a HIPAA release and exchanged in discovery in March 2022, before the discovery deadline;" on October 4, 2022, his

---

[4] When the motion was filed, trial was set for November 14, 2022. Doc. #17. Trial has since been reset twice and is currently scheduled for February 13, 2023. Docs. #79, #90.

3

counsel e-mailed the Hospital's counsel "that Trimm and Nause were 'May Call' witnesses" and "Malhotra was identified in a subsequent email;" after the Hospital responded that "there were no expert disclosures of these witnesses," Boles "withdrew their listing in the proposed order as 'expert' witnesses" but the Hospital responded "that this was insufficient in their view;" and the Hospital "did not present any similar objection concerning the medical records themselves." *Id.* at PageID 786–87. With respect to the medical records, Boles argues that "all objections … were waived in the pretrial order except for hearsay and relevance." *Id.* at 790. In his supplement, Boles cites a recent decision by United States Magistrate Judge David A. Sanders holding that "[a] treating physician who has not been designated as an expert but has been properly identified as a witness may testify as a fact witness but may not express opinions not contained in the plaintiff's medical records." Doc. #86 at PageID 793 (quoting *Johnson v. Clarksdale Public Utilities Comm'n.*, No. 4:21-cv-120-MPM-DAS (N.D. Miss. Dec. 28, 2022)).

The Hospital replies that the physicians' testimony and medical records "are an obvious attempt to circumvent the rules and enter testimony about emotional distress by having physicians who made routine exams (that have nothing to do with emotional distress treatments) testify about what they may have heard from [Boles] about such damages." Doc. #88 at 1. It argues the medical records "would only serve to confuse the jury by requiring them to make decisions about [Boles'] medical conditions and how they may have affected him without the proper context" and "[a]s for the physicians, even though they are not specifically giving medical testimony, it is very likely that they will provide improper testimony because they will inherently use their specialized knowledge to describe how [Boles] was purportedly affected." *Id.* at 2.

Under Federal Rule of Civil Procedure 26(a)(2)(A), parties are required to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal

4

Rule of Evidence 702, 703, or 705." Local Rule 26(a)(2)(D) provides that "[a] party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer *expert opinions* at trial." L.U. Civ. R. 26(a)(2)(D) (emphasis added). "If a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Because there is no dispute that the physicians were not designated as expert witnesses, they cannot offer expert opinions at trial. However, the Hospital seeks to exclude *any* testimony by these witnesses and the corresponding medical records. Doc. #77. To the extent Boles seeks to call the physicians as *fact* witnesses,[5] exclusion is not warranted. Boles represents that he disclosed the identity of the physicians in January 2022 and provided the medical records in March 2022. The Hospital does not dispute these events in its reply. Accordingly, at this point, the Court sees no reason to exclude these fact witnesses and the medical records.

# IV
# Conclusion

The Hospital's motion in limine [77] is **DENIED**.

**SO ORDERED**, this 20th day of January, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] The proposed pretrial order—which was signed by United States Magistrate Judge Jane M. Virden and the parties and provided to the undersigned on October 31, 2022—lists the three physicians as only fact and damages witnesses.

5